UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BRIIA JENKINS,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER GOMEZ, and other unknown
named Officers and members of the New York City
Police Department, all sued individually and in their
official capacities,

                      Defendant(s).

-------------------------------------------------------------X

Case No.

**COMPLAINT**

Jury Trial Demanded

Plaintiffs BRIAA JENKINS, by her attorneys, Kreisberg & Maitland, LLP, as and for her

Complaint herein, alleges as follows:

**INTRODUCTION**

1.      On July 8, 2017, at approximately 3:30 a.m., Plaintiff Briaa Jenkins was in the

Bronx on her way to work in Mt. Vernon, NY. She stopped at a nearby store and, as she left the

store, she saw a police car approach three young men who were crossing the street on foot.

Police officers came out of their car and accosted the three young men, all African-American,

throwing them to the ground. Using her cell phone video camera, plaintiff began recording the

incident. As she recorded, one of the young men got up and took flight Soon after she stopped

recording and walked away; but, did not get far before she was accosted and then assaulted, by

several police officers, who hit, punched and struck her, shattered the screen of her cellphone and

arrested her.

2.      Plaintiff Jenkins was taken to the 40th precinct against her will, was subjected to

formal arrest processing and then, after being held in custody for a number of hours, was released with two summonses.  At her August 31, 2017 arraignment in the Bronx County Criminal Court, the summonses were dismissed.

## PRELIMINARY STATEMENT

3.      This is a civil action for damages to redress the deprivation under color of state law of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and related pendant and ancillary claims under the laws and Constitution of the State of New York.  Plaintiff was assaulted, her property was damaged, she was falsely arrested and wrongfully prosecuted, all in violation of her civil and constitutional rights, and all  because she had witnessed and recorded what appeared to be baseless and unlawful police assaults and seizure of of three young black men.

4.      Defendant police officers, acting in concert, conspired to and did fabricate evidence, falsify NYPD records, execute one or more knowingly false accusatory instruments for filing with the Bronx County Criminal Court, all in an effort to cover-up their wrongdoing..

5.      Plaintiff brings this action against the City of New York, its police department and members of that force, including Police Officer Gomez, Tax Registry No. 955954, and other involved police officers, names unknown, who are all sued here individually and in their official capacities, to redress the violation and deprivation of her Constitutional Rights and for conspiring against plaintiff as aforesaid, all in violation of her rights to due process, to a fair trial and to the equal protection of the law.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a) (1), (a)(3) and (a)(4) and 1367 which confer original jurisdiction in this court of all suits brought

pursuant to 42 U.S.C. §§ 1981, 1983 and because this case arises under the Constitution and laws of the United States. Ancillary and pendant state law claims are also asserted.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

## PARTIES

8.      Plaintiff BRIIA JENKINS is a citizen of the United States. She resides in the State and City of New York, County of the Bronx.

9.      Defendant CITY OF NEW YORK ("City") is a Municipal Corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by New York State Law, the New York City Charter and the Administrative Code of the City of New York. Defendant City of New York ("City") was, at all times relevant hereto, an Agency of the City of New York, and the employer of the individual defendants.

10.      Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD"), at all times relevant hereto, was empowered and responsible to exercise police powers and enforce the laws of the State and City of New York for and as part of Defendant City. NYPD is responsible for hiring, training, monitoring and supervising the activities of all of the employees and members of the police force of the City, including the individual defendants herein.

11.      Police Officer Gomez, Tax registry No. 955954, then assigned to the 40th Precinct, Command 807, participated in the seizure, assault, battery, search,  arrest and false imprisonment of the plaintiff on July 8, 2017, and knowingly signed one or more  false criminal summonses against her on July 8, 2017.

12.      Several other police officers, names unknown, participated in the assault, seizure, search and arrest of the plaintiff on July 8, 2017 and each failed to intervene to prevent this or to report the misconduct of their fellow officers.

## ADMINISTRATIVE PREREQUISITES

13.    On September 28, 2017, plaintiff timely filed a Notice of Claim with the Defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law.

14.    Her claim was assigned claim no. _2017PI027363.

15.    On December 27, 2017, plaintiff gave testimony under oath as required by § 50-h of the General Municipal Law of the State of New York.

At least thirty days have elapsed since plaintiff filed her aforesaid Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-I of the General Municipal Law.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS

16.    On July 8, 2017, at about 3:30 a.m., plaintiff Briia Jenkins left her home in the Bronx to go to work. Before going to the subway, she stopped by a local store to get change so that she could purchase her weekly MetroCard.

17.    After leaving the store, Plaintiff saw several police officers, names unknown, exit a police vehicle and immediately accost three young men who were walking across the street in her direction. All three men were thrown to the ground and held down by police officers, Plaintiff began taking a video record of the incident unfolding in front of her with her cellphone video camera.

18.    To her knowledge, none of the three young, African American men she saw the police seize had committed nor were any of them committing any crime or other violation of

law.

19.    One of the three young men escaped the officer's hold and fled. One or more police officers gave chase in a police vehicle. The other two young men remained in the custody at control of the remaining police officers.

20.    Plaintiff stopped recording and walked toward the train station. she did not want to be late for work.

21.    Soon thereafter, additional police cars arrived. Several police officers ran towards her. Even though Plaintiff had done nothing wrong, several police officers hit, struck and punched her about her face and body. She was thrown to the ground and handcuffed. During this attack plaintiff lost control of her cellphone.

22.    Police officers held her face down on the ground, in part by pressing knees into her back. She saw other police officers examining her phone.

23.    Although they knew that she had done nothing wrong, no police officer stopped their fellow officers' unlawful attack upon the Plaintiff or her arrest. On information and belief, no police officer reported this wrongdoing to any superior officer, the NYPD Internal Affairs Bureau, the City Department of Investigation or the Civilian Complaint Review Board.

24.    Although she had done nothing wrong, Plaintiff was handcuffed and transported to the NYPD's 40th Precinct. She was not told and had no idea why she had been assaulted or why she has been arrested.

25.    Eventually, plaintiff was released from the 40th precinct with two summonses. P.O. Gomez signed each of the summonses. Plaintiff's phone was returned to her when she was released, but it was damaged, including a cracked screen.

26.    Throughout her unlawful arrest and detention, no police officer stopped or made

any effort to thwart or report their fellow officers' unlawful and unwarranted actions.

27.     On August 31, 2017, Plaintiff appeared in the Bronx County Criminal Court as required to answer each of her summonses.

28.     The Court dismissed each summons.

## CLAIMS FOR RELIEF

### First Claim for Relief–
### Deprivation of Civil Rights

29.     Plaintiff repeats and realleges paragraphs numbered "1" through "28" hereof as though fully set forth at length herein.

30.     All of the foregoing acts, omissions and failures to intervene of defendants, their agents, servants, employees and accomplices were carried out under color of New York State law and during the course and within the scope of their City employment.

31.     The aforesaid acts, omissions and failures to intervene deprived plaintiff Briaa Jenkins of the rights, privileges and immunities guaranteed her by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, all in violation of 42 USC §1983.

32.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct consistent with and constituting the result of customs, practices, policies and procedures of the City and the NYPD to accost and arrest uninvolved civilians who witness and protest or make efforts to record police misconduct.

33.     As a result of the aforesaid acts, omissions, customs, practices, policies and procedures, plaintiff was humiliated, beaten, had to replace her cell phone, was taken into custody and subjected to formal arrest processing, was unlawfully detained for hours, suffered physical, emotional and psychological pain and suffering, was obliged to retain counsel and go to

court to defend baseless and unlawfully filed charges, and now lives in fear of the very police force that she had every right to view as protectors.

34.     As a result of the foregoing, plaintiff Briia Jenkins has endured and continues to endure emotional, mental and psychological distress, anguish, pain and suffering. She has been damaged in an amount to be determined at trial.

## Second Claim for Relief
## (Excessive Force- 42 U.S.C. §1983)

35.     .    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "34" hereof, as though set forth fully at length herein.

36.     On July 8, 2017, defendants unreasonably detained plaintiff.    In effectuating her detention, defendants used more force than was reasonable, necessary or appropriate under the circumstances, causing injuries to plaintiff.

37.     As a result of the defendants' conduct, plaintiff suffered, and continues to suffer, physical, emotional and psychological pain, suffering and harm.

## Third Claim for Relief
## – False Arrest

38.     Plaintiff repeats and realleges paragraphs numbered "1" through "37" hereof as though fully set forth at length herein.

39.     On July 8, 2017, defendant police officers seized assaulted, battered, searched, handcuffed and arrested plaintiff without probable cause or any lawful basis to do so.

40.     Defendant police officers intended to and did confine plaintiff and deprive her of rights, privileges and immunities guaranteed her by the United States and New York State Constitutions.

41.     At all times after her arrest, plaintiff was detained and confined against her will and at all times knew she was so detained.

42.     Because defendants lacked probable cause to arrest and detain plaintiff, her arrest and detention was unreasonable within the meaning and in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and thereby violated plaintiff's rights under 28 U.S.C. § 1983.

43.     As a result of the foregoing, plaintiff is entitled to monetary damages in an amount to be determined at trial.

### Fourth Claim for Relief
### – False Imprisonment

44.     Plaintiff repeats and realleges paragraphs numbered "1" through "43" hereof as though fully set forth at length herein.

45.     On July 8, 2019, defendant police officers falsely arrested plaintiff, transported her to the 40th NYPD Precinct, and confined her there against her will for a number of hours.

46.     Defendants' conduct as aforesaid constituted common law false imprisonment of the plaintiff.

47.     As defendants lacked probable cause, their actions were unreasonable within the meaning and in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and thereby violated plaintiffs' right under 42 U.S.C. §1983.

48.     As a result of her false imprisonment, plaintiff suffered damages in an amount to be determined at trial.

### Fifth Claim for Relief
### - Failure to Intervene

49.     Plaintiff repeats and realleges each and every allegation set forth in paragraph

"1" through "48" hereof, as though fully set forth at length herein.

50.     On July 8, 2017, defendant Police Officers arrested plaintiff without probable cause in the presence and with the assistance of other Police Officers each of whom, on information and belief, knew that there was no probable cause to arrest the plaintiff. As such, defendant Police Officers had an affirmative duty to intervene to prevent and/or report the unlawful arrest of the plaintiff to superior officers; yet, each failed to do so.

51.     Instead of intervening, defendant Police Officers actively aided, abetted and assisted in the unlawful seizure, assault, battery, search, arrest and false imprisonment of the plaintiff and thereafter stood silent despite knowing that the plaintiff was wrongfully and unlawfully subjected to the fabrication of police reports and knowingly issued false Summonses requiring her to appear in court to defend against false, baseless and fabricated charges.

52.     In failing to intervene to prevent the aforesaid wrongful and unlawful conduct, defendant Police Officers acted consistently with the custom, policy, practice and procedure of the NYPD, knowing that their behavior would be condoned.

53.     Defendants NYPD and City knew or should have known that it was the practice, policy, custom and procedure of police officers to fail to intervene to prevent false arrests and unlawful prosecutions  but took no steps to deter and change such practices.

54.     As a result of the foregoing failures to intervene, the plaintiff's rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution were denied, all  in violation of  42 U.S.C. § 1983.

55.     As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

## Sixth Claim for Relief-
## Common Law Assault And Battery-

56.     Plaintiff repeats and realleges paragraphs numbered "1" through "55" hereof as though set forth fully at length herein.

57.     By reason of defendants' aforesaid acts, defendants committed the common law torts of assault and battery upon her.

58.     That solely as a result of the negligence, recklessness and/or intentional acts of defendants as aforesaid, Plaintiff suffered great humiliation, degradation, emotional and psychological injuries; loss of freedom; deprivation of her state and federal constitutional rights; pain and suffering and loss of enjoyment of life; sustained economic harm and sustained severe mental anguish and nervous shock; and, so she has been damaged in an amount exceeding the jurisdictional limits required for diversity cases in federal court.

59.     In committing the aforesaid acts, the defendants were acting as employees of the defendant City within the scope of their employment and under color of law. The defendant City is responsible and liable for their actions and the consequences, including all of plaintiff's damages, under the doctrine of *respondeat superior.*

60.     As a result of the defendants' conduct, plaintiff suffered, and continues to suffer, physical, emotional and psychological pain, suffering and harm, entitling her to damages in an amount to be determined at trial.

## Seventh Claim for Relief
## (Assault and Battery - 42 U.S.C. §1983)

61.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "60" hereof, as set forth fully at length herein.

–10–

62.     On July 8, 2017, defendant police officers wrongfully and unlawfully used excessive force on Plaintiff when they hit, , punched and struck her and by knocking her down, pressing knees into her back to hold her down and handcuffing her.

63.     At all times relevant hereto, the defendants were acting within the scope of their employment and under color of law.

64.     Prior to and after detaining her, the defendants placed plaintiffs in imminent fear of further harmful and offensive contact.

65.     Plaintiff did not consent to or otherwise authorize the defendants to touch her. As a result of the conduct of the defendants, plaintiff suffered physical, emotional and psychological harm.

### Eighth Claim for Relief – Intentional Infliction Of Emotional Distress

66.     Plaintiff repeats and realleges paragraphs numbered "1" through "65" hereof as though set forth fully at length herein.

67.     By their foregoing acts, and failures to intervene, defendants showed that they intended to and they did cause physical, the emotional and psychological harm to plaintiff.

68.     That solely as a result of the intentional acts of defendants as aforesaid, Plaintiff suffered great humiliation, degradation, emotional injuries; loss of freedom; deprivation of her state and federal constitutional rights; pain and suffering and loss of enjoyment of life; economic harm; sustained severe mental anguish and nervous shock and has been damaged accordingly in an amount exceeding the jurisdictional limits required for diversity cases in federal courts.

69.     As a result of the foregoing Plaintiff is entitled to damages in an amount to be determined at trial.

## Ninth Claim for Relief
## - Conversion and Malicious Destruction of Property

70.     Plaintiff repeats and realleges the allegation contained in paragraph "1_- "68" hereof as fully set forth herein.

71.     The police officers, who assaulted and battered plaintiff caused her to lose custody and control of her phone. Unknown named officers then took, examined, converted and damaged her phone.

72.     By reason of defendants' unlawful conduct, Plaintiff was damaged by the loss of and damage to her phone in an amount to be determined at trial.

## Tenth Claim for Relief
## – Conspiracy

73.     Plaintiff repeats and realleges the allegations contained in paragraphs "1-72" hereof as fully set forth at length herein.

74.     Defendants Gomez and other unknown named police officers, all knew that plaintiff was actually innocent when arrested on July 8, 2017; but, knowingly and consciously conspired to to stand silent and/or actively participated in the false arrest, beating and prosecution of plaintiff..

75.     As such,  said defendants acted willfully, and reached and implemented an unlawful agreement, understanding and meeting of the minds to  violate plaintiff's rights protected by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S. C. § 1983, this in violation of 28 U.S.C. § 1981.

76.     As a result of the foregoing, plaintiff has been damaged in an amount to be

determined at trial.

## Eleventh Claim for Relief
### – Failure to Report

77.     Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "76" hereof as if fully set forth at length herein.

78.     Defendants Gomez and other unknown named police officers as employees of the City of New York, each had an affirmative obligation to report to the NYPD, and/or to the City's Department of Investigation, the unlawful conduct of their fellow officers and superior officers.

79.     Defendants failed to report the above-mentioned corrupt, unlawful  and wrongful violation of plaintiff's rights as described herein.

80.     As a result of the foregoing, plaintiff sustained damages in an amount to be determined at trial.

## Twelfth Claim for Relief
## False Statements and Reports

81.     Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "80" hereof as if fully set forth at length herein.

82.     Defendant Gomez knowingly completed or caused false NYPD arrest reports and related NYPD documents to be made and completed and he knowingly signed one or more summonses containing false statements, in violation of New York Penal Law § 210.45, knowing and intending that  the summonses would be filed with the Bronx County Criminal Court and relied upon by the Court.

83.     As a result of the foregoing, plaintiff's rights protected by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 were violated.

84.     As a result of the foregoing, Plaintiff sustained damages in an amount to be determined at trial.

**Thirteenth Cause of Action:**
**Failure to Train/ Supervise/ Discipline**

87.     Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "86" hereof, as though fully set forth at length herein.

88.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in, the use of force, the lawful search of individuals and seizure of their property, the obligation not to promote or condone the falsification of evidence, or perjury and/or  not to assist in the prosecution of innocent persons, not to obstruct, interfere with, or punish by assault, battery, arrest or the bringing of false charges civilians who photograph or videotape police misconduct as well as their obligation not to effect an arrest without probable cause.

89.     The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct or the failure to act to remedy same. As a result, such behavior is encouraged and condoned.

90.     The named individual defendants and other officers of the NYPD are believed to have made other unlawful arrests falsely charging innocent persons with various crimes and/or offenses.

91.     Defendant City of New York maintained and condoned the above described policies, practices, customs or usages by failing to intervene despite knowingly and willfully ignoring evidence that said policies, practices, custom or usages led to and/or encouraged

–14–

improper conduct by its police officers and their superiors. In failing to take necessary and appropriate corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff' injuries as described herein. By their actions, defendants have deprived plaintiffs of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 for which she is entitled to compensatory and punitive damages in an amount to be determined at trial.

## Prayer for Relief

**WHEREFORE**, plaintiff prays for the following relief:

(a)     Compensatory Damages in an amount to be determined at trial;

(b)     Punitive Damages in an amount to be determined at trial;

(c)     Prejudgment Interest

(d)     Reasonable Attorneys' Fees;

(e)     Costs and Expenses; and

(f)     Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 5 , 2018

KREISBERG & MAITLAND, LLP
Attorneys for Plaintiff
75 Maiden Lane, Suite 603
New York, New York 10038
(212) 629-4970

By: _____
        Gary Maitland (8763)

–15–